## MUNSINGER v. EDGE, et al.

Industrial Commission.

February 24, 1953.

Giles F. Lewis, Orlando, and Anthony J. Ruberto, Pittsfield, Mass., for the claimant.

Sanders, McEwan & Berson, Orlando, for the employer and insurance carrier.

BY THE COMMISSION.

This cause came on to be heard upon application for review of a deputy commissioner's order dated March 29, 1954. The claimant received an injury by accident arising out of and in the course of his employment on February 9, 1948, when he was struck on the head by a plank, knocked unconscious and suffered injury to his cervical spine. Somewhat more than one month later, on March 16, 1948, he filed a claim with the commission. The claim letter stated in part that—". . . the claimant deserves and does hereby file claim against the employer (Claude G. Edge) and carrier for all benefits which exist in his favor under the compensation laws of the state of Florida." As a matter of fact, claimant's attorney did not know that the carrier was paying compensation at the time— accordingly, no action was taken on the claim after the fact was made known to the attorney. Claimant received treatment and compensation up to June 29, 1948, when he was discharged by carrier's doctor. He wrote shortly thereafter to the commission, stating he was unable to work. He was offered an opportunity to have a hearing on the matter but declined at the time. Being without funds, he instead returned to Massachusetts in July, 1948. He continued to have trouble with his spine in Massachusetts and was finally operated on in 1951 for a herniated disk.

Shortly after the claimant returned to Massachusetts his attorney wrote as follows to this commission—"We are not asking for a hearing at the present time as the injured man is taking medical treatments out of the state and is not immediately available." Continuously, from 1948 on, there was correspondence between claimant's Massachusetts lawyer and this commission regarding the claim. Hearing was finally held on September 18, 1953.

The deputy stated in his order—"The evidence . . . indicates that the claimant had a continuing disability over a period of several years due to his injuries sustained on February 9, 1948 . . . The evidence further reveals that he is suffering from a 33-1/3% permanent partial disability of the right arm, and that he was temporarily totally disabled from February 9, 1948 to December 29, 1949, and again from May 28, 1951 to February 8, 1952."

Notwithstanding these findings, the deputy dismissed the claim. It was the opinion of the deputy that when payment of compensation was stopped in June, 1948, claimant's letter to the commission constituted a claim for modification—that although the modification claim was properly filed within one year after the last date of compensation, nevertheless claimant had failed to prosecute his claim until well after the one year period had expired.

It is the opinion of the commission that the deputy was in error in dismissing the proceedings on the basis of a failure to prosecute the claim. Whether these present proceedings be considered to be on the claim filed on March 16, 1948 or on a petition for modification filed in June, 1948, the cause should have been heard on the merits. Both the claim and modification petition were filed within the statutory period and were "pending" proceedings. Passage of time does not of itself terminate the pendency of a proceeding. Rule no. 3 of our rules of procedure provides that a claimant shall diligently prosecute his claim. Rule no. 11 provides that—"Failure to comply with rule no. 3 . . . shall be cause for dismissal upon motion of any interested party . . ." No such motion was ever made. No order of dismissal was ever entered.

The deputy's order of dismissal is reversed, and the cause is remanded to the deputy for further proceedings. It is further ordered that the deputy order the payment of a $275 fee to the claimant's attorney for appearing before the full commission, if and when the claim is allowed by the deputy commissioner.